IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NED CARLOS RENFREW,               §
TDCJ #1929324,                    §
                                  §
            Petitioner,           §
                                  §
v.                                §
                                  §    CIVIL ACTION NO. H-19-1137
LORIE DAVIS, Director,            §
Texas Department of Criminal      §
Justice - Correctional            §
Institutions Division,            §
                                  §
            Respondent.           §

## MEMORANDUM OPINION AND ORDER

Ned Carlos Renfrew (TDCJ #1929324) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction entered against him in Harris County, Texas. He has also filed a Memorandum in Support of the Petition ("Memorandum") (Docket Entry No. 2) and a Motion for an Evidentiary Hearing (Docket Entry No. 3). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

## I.  Background

On May 7, 2014, Renfrew entered a guilty plea to charges of driving while intoxicated as a third offender ("felony DWI") in

Harris County Cause No. 1412939.[1] According to Renfrew, his indictment was enhanced with allegations that he had at least one other prior felony conviction for theft, which elevated the charged offense to a second degree felony under the Texas habitual offender statute.[2] See Tex. Penal Code § 12.42(a). The 337th District Court for Harris County, Texas, accepted Renfrew's guilty plea and sentenced him to 16 years' imprisonment.[3] Because he did not pursue an appeal, Renfrew's conviction became final thirty days later on or about June 7, 2014.[4]

In a Petition that was executed on March 19, 2019,[5] Renfrew now contends that he is entitled to federal habeas corpus relief under 28 U.S.C. § 2254 because his 16-year prison sentence was improperly enhanced by prior convictions that were not sufficiently documented or proven by the State and exceeded the range of

---

[1]Petition, Docket Entry No. 1, pp. 2-3. In Texas a person commits the offense of driving while intoxicated or DWI "if the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code § 49.04(a). Although DWI is typically punished as a misdemeanor, a defendant who has been convicted of DWI on two other previous occasions is eligible for punishment as a third-degree felony. Tex. Penal Code § 49.04(b)(2).

[2]Memorandum, Docket Entry No. 2, p. 2.

[3]Petition, Docket Entry No. 1, p. 2.

[4]See Tex. R. App. P. 26(a)(1) (providing that the time to appeal expires thirty days after the day sentence is imposed unless a motion for new trial is filed).

[5]Records Release Authorization attached to Petition, Docket Entry No. 1-1, p. 1.

punishment allowed under Texas law.[6]  Renfrew also asserts that his

trial counsel was ineffective for failing to object or properly

challenge the documents used to elevate the charges against him to

a felony, resulting in an enhanced sentence.[7]

## II.  **Discussion**

### A.    **The One-Year Statute of Limitations**

According to the Antiterrorism and Effective Death Penalty Act

of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996),

all federal habeas corpus petitions filed after April 24, 1996, are

subject to a one-year limitations period found in 28 U.S.C.

§ 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by
> a person in custody pursuant to the judgment
> of a State court.  The limitation period shall
> run from the latest of--
>
> (A)  the date on which the judgment became final by
> the conclusion of direct review or the
> expiration of the time for seeking such
> review;
>
> (B)  the date on which the impediment to filing an
> application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C)  the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly

---

[6]Petition, Docket Entry No. 1, p. 6.

[7]*Id.* at 7.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

As noted above, Renfrew challenges a state court judgment entered against him on May 7, 2014. Because he did not pursue an appeal, the limitations period began to run pursuant to § 2244(d)(1)(A) no later than June 7, 2014, when his time to pursue a direct appeal expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (observing that a conviction becomes final for purposes of § 2244(d)(1)(A) "when the time for seeking further direct review in the state court expires"). That date triggered the statute of limitations, which expired one year later on June 7, 2015. The pending Petition, executed by Renfrew on March 19, 2019, is late by nearly four years and is therefore barred from federal review unless a statutory or equitable exception applies.

## B.  Statutory Tolling

A habeas petitioner may be entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), which

provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Renfrew filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on January 1, 2016, which the Texas Court of Criminal Appeals denied on March 30, 2016.[8] Renfrew then filed a second state habeas corpus application on April 26, 2016,[9] which the Texas Court of Criminal Appeals dismissed on June 29, 2016, as an abuse of the writ pursuant to Article 11.07 § 4 of the Texas Code of Criminal Procedure.[10] Neither one of these applications tolls the limitations period under § 2244(d)(2) because both were filed after the period of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The pleadings do not disclose any other valid basis for statutory tolling. Renfrew does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Likewise, none of his claims are based on a constitutional right that has been newly

---

[8]Petition, Docket Entry No. 1, p. 4.

[9]Id.

[10]Renfrew states that his second state habeas application was dismissed on April 27, 2016, see Petition, Docket Entry No. 1, p. 4, but public records from the Texas Court of Criminal Appeals reflect that action was not taken to dismiss that application until June 29, 2016. See Texas Judicial Branch Website, available at http://search.txcourts.gov (last visited April 2, 2019).

recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a "new factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). Therefore, the Petition is time-barred unless there is an equitable reason to toll the statute of limitations.

## C.  Equitable Tolling

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has clarified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Renfrew does not demonstrate that equitable tolling is warranted in this case.

When asked to explain why his Petition is not barred by the statute of limitations, Renfrew argues that he was not given timely notice by the Texas Court of Criminal Appeals that his second state habeas corpus application was dismissed in 2016.[11] He provides no

_____

[11]Petition, Docket Entry No. 1, p. 9.

facts in support of this argument, which overlooks the fact that the statute of limitations expired on June 7, 2015, well before he made any effort to seek collateral review in state court. Because Renfrew does not allege facts showing that he took any steps to pursue federal review before the limitations period expired, he does not demonstrate the requisite due diligence and he is not entitled to equitable tolling for this reason.

Renfrew also appears to request equitable tolling on the grounds that he was "convicted illegally" and that a "miscarriage of justice" would result if his claims were not heard.[12] He argues in his Petition and supporting Memorandum that he is actually innocent of the sentence that he received for felony DWI because the State failed to present sufficient evidence to prove up the two prior DWI convictions that were used to elevate his offense to a felony.[13] This argument is also without merit.

If proven, a habeas petitioner's claim of actual innocence may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To be credible, however, a petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851, 865 (1995).

---

[12] Id.

[13] See id. at 6; Memorandum, Docket Entry No. 2, pp. 5, 11-12.

To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 867.

Renfrew does not support his claim with new evidence that was unavailable at trial or that demonstrates his actual innocence under the standard articulated in Schlup. Importantly, Renfrew was convicted of felony DWI after entering a guilty plea, which served as a confession and relieved the State of its burden to present evidence. See Boykin v. Alabama, 89 S. Ct. 1709, 1711-12 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."). Renfrew's voluntary guilty plea, the validity of which he does not challenge, waives all non-jurisdictional defects preceding the plea. See United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008); Gardner v. Wainwright, 433 F.2d 137, 139 (5th Cir. 1970) (citations omitted); see also Tollett v. Henderson, 93 S. Ct. 1602, 1608 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

More importantly, public records and an exhibit provided by Renfrew confirm that he had two prior convictions for DWI, one from Harris County Cause No. 1651415 and another from Brazoria County

Cause No. 80309G, at the time he entered his guilty plea to the charged felony DWI offense.[14] As a result, Renfrew does not show that his offense was enhanced improperly or that his sentence was excessive.

Renfrew has not established that he is actually innocent for purposes of the sentence that he received and he presents no other viable argument for equitable tolling. Although Renfrew has represented himself on habeas review a pro se petitioner's ignorance of the law does not excuse his failure to file a timely habeas petition and is not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," "illiteracy," and "ignorance of legal rights" generally do not justify tolling). Because Renfrew has not articulated any valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely filed.

---

[14]See Judgment of Conviction by Court - Waiver of Jury Trial, Cause No. 1651415, available at: Office of the Harris County District Clerk, https://www.hcdistrictclerk.com (last visited April 2, 2019); see also Exhibit to Petition, Docket Entry No. 1-1, pp. 2-3 (listing a conviction for DWI entered on March 13, 1995, in Brazoria County Cause No. 80309G, among several other offenses committed by Renfrew).

## III.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief.  Therefore, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.  The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) filed by Ned Carlos Renfrew is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

2.  The petitioner's Motion for an Evidentiary Hearing (Docket Entry No. 3) is **DENIED.**

3.  A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 3d day of April, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE